1  **YU | MOHANDESI LLP**

2  **Brett B. Goodman** (SBN 260899)
   213.375.3543 | bgoodman@yumollp.com
3  **Tamar Ellyin** (SBN 266860)
   213.418.9341 | tellyin@yumollp.com
4  633 West Fifth Street, Suite 2800
   Los Angeles, CA 90071
5  213.377.5501 Facsimile

6  Attorneys for Defendant
   I.C. System, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DARRYL A. SCOTT, JR., | Case No. 4:19-cv-04292-HSG |
| Plaintiff, | Assigned to: Hon. Haywood S. Gilliam Jr. |
| v. | **STIPULATED PROTECTIVE ORDER** |
| I.C. SYSTEM, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, and DOES 1 THROUGH 20, INCLUSIVE, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Darryl A. Scott, Jr. ("Plaintiff") and Defendant I.C. System, Inc. ("I.C. System") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact

witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure), and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) [or 7(b)] unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential".

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall, upon written request of the Producing Party, be returned to the Producing Party at Producing Party's expense, or destroyed.

However, counsel for the parties may retain a copy of any court filings, motions, or depositions subject to the terms of this Order.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37-1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. In the event of an inadvertent production or disclosure of any documents or materials that the designating party contends should have been designated as confidential, shall not in and of itself constitute a waiver or impairment of any claim of confidentiality, privilege, or other protection from discovery. In the event of an inadvertent disclosure of confidential documents or materials, the designating party may thereafter designate such information as confidential by providing written notice to counsel that the documents or materials should have been designated as confidential and providing a copy of said items bearing the required designation. Such information shall be covered by the terms and subject to the conditions set forth in this Order, as if it had been designated on the date they were originally disclosed.

14. If a receiving party learns that, by inadvertence or otherwise, it has disclosed material designated as confidential to any person or in any circumstance not authorized under this Order, the receiving party must immediately:

    (i) Notify the designating party in writing of the unauthorized disclosures;

    (ii) Request that all the unauthorized copies be returned or deleted;

(iii) Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(iv) Request such person or persons to execute the agreement to be bound attached as Exhibit A.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated: November 14, 2019

          */s/ Lauren B. Veggian*
Lauren B. Veggian (SBN 309929)
The Cardoza Law Corporation
548 Market St., #80594
San Francisco, CA 94101
Tele.: (415) 488-8041
Fax: (415) 651-9700

Attorneys for Plaintiff
DARRYL A. SCOTT JR.

Dated: November 14, 2019

          */s/ Tamar G. Ellyin*
Tamar G. Ellyin (SBN 266860)
YU MOHANDESI, LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
Tele.: (213) 418-9341
Fax: (213) 377-5501

Attorneys for Defendant
I.C. SYSTEM, INC.

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 11/15/2019

_____
HON. HAYWOOD S. GILLIAM, JR.

## GENERAL ORDER 45 CERTIFICATION

I, Tamar G. Ellyin, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrence to the filing of this document has been obtained from each signatory hereto.

Executed this 14th day of November, 2019, at Los Angeles, California.

      /s/ *Tamar G. Ellyin*
Tamar G. Ellyin (SBN 266860)
YU MOHANDESI, LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
Tele.:    (213) 418-9341
Fax:    (213) 377-5501

Attorneys for Defendant
I.C. SYSTEM, INC.

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Darryl A. Scott, Jr. v. Defendant I.C. System, Inc., et al., Case No.* 4:19-cv-04292-HSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Case No. 4:19-cv-04292-HSG
**STIPULATED PROTECTIVE ORDER**